IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICARDO M. SUGGS,**

        **Petitioner,**

**v.** // CIVIL ACTION NO. 1:14CV21
                                                     (Judge Keeley)

**RUSSELL A. PURDUE, Warden,**

        **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24],
GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15],
AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

The pro se petitioner, Ricardo M. Suggs, Jr. ("Suggs"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") on January 31, 2014. Suggs, who currently is incarcerated at Federal Correctional Institution Gilmer ("FCI Gilmer"), challenges the validity of his conviction in this District for possession of a firearm by a previously convicted felon. On May 21, 2014, the United States filed a Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause ("motion"). Following this, United States Magistrate Judge Robert W. Trumble ("Magistrate Judge Trumble" or "magistrate judge") filed a Report and Recommendation ("R&R") on August 19, 2014, in which he recommended that the Court grant the government's motion for summary judgment and that Suggs's Petition be denied with prejudice. For the following reasons, the Court **ADOPTS** the R&R, **GRANTS** the respondent's Motion for Summary Judgment, and **DISMISSES** the Petition [Dkt. No. 1] **WITH PREJUDICE**.

**Suggs v. Purdue**                                                1:14CV21

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24], GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

**I.**

**A. Background**

On June 6, 2006, Suggs was charged in a one-count indictment with possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Trial was set to begin on July 26, 2006. [Dkt. No. 24 at 1]. On July 21, 2006, however, while he was on a personal recognizance bond, Suggs forcibly entered the home of one of the government's key witnesses and shot both him and the witness's mother. Both victims survived, and thereafter were able to identify Suggs as the shooter. Another witness also provided evidence that, prior to the shooting, Suggs had stated that he intended to kill the key government witness to keep him from testifying.

Following the shooting, the government filed a superseding indictment charging Suggs with not only the original felon in possession of a firearm charge, but also three (3) additional counts: one count of tampering with a witness with intent to kill, in violation of 18 U.S.C. § 1512(a)(1)(A); one count of tampering with a witness by use of force, in violation of 18 U.S.C. § 1512(a)(2)(A); and one count of witness tampering through corrupt persuasion, in violation of 18 U.S.C. § 1512(b)(1). On November 2,

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24], GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

2006, Suggs filed a motion to bifurcate the possession of a firearm count from the remaining counts, which the Court granted.

On November 8, 2006, a jury convicted Suggs of one count of being a felon in possession of a firearm. Later, on January 11, 2007, a second jury convicted Suggs of one count of tampering with a witness with intent to kill, and one count of tampering with a witness by use of force.[1] On April 16, 2007, the court sentenced Suggs to concurrent terms of 324 months imprisonment on all three counts, followed by a concurrent three-year term of supervised release.

Suggs appealed his sentence to the United States Court of Appeals for the Fourth Circuit on April 18, 2007, claiming three grounds for error: (1) that the evidence was insufficient to convict him; (2) that the court had erred in allowing evidence of the drugs found in his car at the first trial; and (3) that, at the second trial, the court had erred by allowing the government to introduce certain crime scene photos and a recording of a 911 call.

In a per curiam opinion, the Fourth Circuit affirmed the convictions and sentence. See United States v. Suggs, 266 F. App'x

---

[1] The jury acquitted Suggs of one count of tampering with a witness through corrupt persuasion.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24], GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

258 (4th Cir. 2008). The Supreme Court of the United States denied Suggs's petition for a writ of <u>certiorari</u> on May 27, 2008.

Suggs then filed a motion under 28 U.S.C. § 2255 on May 27, 2009, seeking to vacate his convictions, which the district court dismissed on March 30, 2011. Suggs attempted to appeal this dismissal, but failed to obtain a certificate of appealability.

On January 31, 2014, Suggs filed the instant motion pursuant to 28 U.S.C. § 2241, claiming actual innocence. After a preliminary review, the magistrate judge ordered the government to show cause why the writ should not be granted. In response, the government filed a Motion to Dismiss or for Summary Judgment on May 21, 2014. The Court issued a <u>Roseboro</u> Notice to Suggs, and he responded on September 8, 2014.

After reviewing the Petition, the Motion to Dismiss or for Summary Judgment, and the response to the <u>Roseboro</u> Notice, the magistrate judge[2] filed his R&R recommending that the Court grant the government's motion and dismiss the petition.

---

[2] The case was originally assigned to Magistrate Judge Seibert, and was reassigned to Magistrate Judge Trumble per an order entered on June 9, 2014, in 5:14-mc-17.

**Suggs v. Purdue**                                                          1:14CV21

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24],
GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

**B. Petition**

In the § 2241 petition now before the Court, Suggs asserts that he is actually innocent of the federal crime of witness tampering because the acts he committed were really state law crimes.

Suggs argues that the shooting underlying his January 11, 2007, conviction was not carried out in contemplation of a federal proceeding, as required by what he claims is new law. Suggs supports his assertion with two allegations: first, that, because he had agreed to plead guilty to the initial charge of being a felon in possession of a firearm, there was not going to be a trial; and second, that shooting the witness and his mother was an act of retaliation rather than an attempt to silence the witness. Thus, because there was no federal proceeding for him to contemplate, and because he lacked the intent to impede the witness from testifying as required by §§ 1512(a)(1)(A) and 1512(a)(2)(A), Suggs reasons that he is actually innocent and should have his convictions under § 1512 vacated, or in the alternative, be granted a new trial.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24],
GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

**C. Motion to Dismiss or for Summary Judgment**

The government contends Suggs is not entitled to relief pursuant to § 2241 under the "savings clause" of § 2255. It asserts that there was no substantive change in the law with regard to §§ 1512(a)(1)(A) and 1512(a)(2)(A) that would have made Suggs's conduct non-criminal. According to the government, preventing a witness from attending or testifying at trial, and using the threat of physical force with the intent to prevent a witness's involvement in a prosecution, was a crime both before and after Suggs's appeal and initial habeas petition.

Furthermore, the government argues that Suggs cannot establish that he is actually innocent. It recounts evidence admitted during his second trial that established Suggs had knowledge that a government witness had given a written statement to the police and had been subpoenaed to testify against him at his original trial. The witness later testified that he ran into Suggs at a bar on July 5, 2006, where Suggs confronted him about his intention to testify. Then, five days before the trial, Suggs broke into the witness's home and stated, "I told you," before shooting both him and his mother.

The Fourth Circuit affirmed Suggs's conviction, finding the evidence sufficient to convict him. Based on that, the government

**Suggs v. Purdue**                                                      1:14CV21

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24],
GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

argues that because Suggs has failed to present a factual basis for innocence his Petition must be denied.

II.

**A. Standard of Review**

When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must conduct a <u>de novo</u> review only on the portion to which objection is timely made. 28 U.S.C. § 636(b)(1)(C). As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 458 F.Supp. 825 (E.D.Cal.1979). Because Suggs filed objections to the report and recommendation, the magistrate judge's recommendations will be reviewed <u>de novo</u> as to those portions of the report and recommendation to which objections were made.

**B. Applicable Law**

As a preliminary matter, the Court must construe the government's motion either as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or as a motion

**Suggs v. Purdue**                                                              1:14CV21

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24],
GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

for summary judgment under Rule 56.[3] Rule 56 mandates that, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

Here, the government, and the magistrate judge in the R&R, quoted from the opinion of the Fourth Circuit on Suggs's direct appeal that was not included in the Petition. [See Dkt. No. 16 at 4-5; Dkt. No. 24 at 10-11]. The R&R also relied on a portion of the trial transcript that was not a part of the Petition. [Dkt. No. 24 at 9]. Therefore, because it will consider matters outside the pleadings, the Court construes the government's motion as one for summary judgment.

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c)(1)(A), (a).

---

[3] The Fourth Circuit has determined that a responsive pleading, such as this one, captioned as "Motion to Dismiss, or, in the alternative, Motion for Summary Judgment" puts parties on notice that the Court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24], GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

### III. ANALYSIS

The magistrate judge dismissed Suggs's actual innocence claim as an attack on the validity of his sentence that properly should have been challenged under § 2255 rather than § 2241. He also

**Suggs v. Purdue**                                                      1:14CV21

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24],
GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

discussed the "savings clause" found in § 2255(e). Section 2255(e) creates an exception that allows certain claims properly brought under § 2255 to be brought under § 2241. However, the magistrate judge concluded that Suggs had failed to establish that § 2255 provided an "inadequate or ineffective" remedy, as required by the savings clause.

A federal prisoner may challenge his sentence using § 2241 under the § 2255(e) savings clause when a § 2255 petition would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). In the Fourth Circuit, a petitioner must meet the elements of In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), to establish that § 2255 would afford an inadequate or ineffective remedy. Those elements include:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34. Furthermore, § 2255 is not rendered inadequate or ineffective because of "a limitation bar, the prohibition

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24], GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal." Phillips v. Francis, 2009 WL 779040 (N.D.W. Va. Mar. 23, 2009) aff'd, 332 F. App'x 103 (4th Cir. 2009) (citing In re Vial, 115 F.3d at 1194 n. 5).

In addition to concluding that Suggs had failed to meet all of the elements of Jones, and therefore could not rely on the savings clause, the magistrate judge determined that Suggs's claim, arguing in effect, that there was no foreseeable federal proceeding because he had intended to plead guilty before he shot the witness, was not supported by the facts. Because Suggs objected to these portions of the R&R, the Court reviews them de novo. See 28 U.S.C. § 636(b)(1).

A.

Suggs's single argument in support of his claim that § 2255 is "inadequate or ineffective" is that the substantive law behind § 1512 has changed, making his conduct non-criminal. He relies on Arthur Anderson, LLP v. United States, 544 U.S. 696 (2005); and Fowler v. United States, 131 S.Ct. 2045 (2011), as the basis for his claim that the substantive law behind § 1512 has changed. Suggs argues that these two cases placed a new requirement on the government to demonstrate a "federal nexus" between his conduct and the federal proceeding. He contends no nexus exists because he

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24], GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

committed the shootings with the intent to retaliate, rather than to impede the witness from testifying.

Arthur Andersen, decided well over a year prior to the incidents for which Suggs was convicted,[4] held that the government had to show that the defendant contemplated a foreseeable federal proceeding at the time he or she carried out the obstructive act. 544 U.S. at 707-708. Significantly, the government could not satisfy the nexus requirement by simply showing that the act was carried out to impede an investigation. Id. at 708 (noting that United States v. Aguilar, 515 U.S. 593, 599-600 (1995), had held that the defendant had to know there was a likelihood that his actions would affect a federal proceeding). Fowler held that there had to be a reasonable likelihood that the victim would have communicated with a federal law enforcement officer. Fowler v. United States, 131 S.Ct. 2045, 2048 (2011).

Suggs's arguments miss the mark for two reasons. First, Arthur Andersen and Aguilar were decided long before Suggs was charged; therefore, they are not new law. Fowler, which was decided after Suggs's direct appeal, did not deviate in any way

---

[4] Arthur Andersen was decided on May 31, 2005. Suggs was charged with being a felon in possession of a firearm on June 6, 2006, and with witness tampering in July of 2006. In fact, the trial for the witness tampering charge did not begin until January 9, 2007.

12

**Suggs v. Purdue**                                                          1:14CV21

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24],
GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

from the holdings in Arthur Andersen and Aquilar. Thus, the substantive law under which Suggs was convicted has not changed.

Failing to show that the substantive law has changed, Suggs fails as well to establish under the second element of Jones that his conduct is deemed not criminal. Therefore, § 2241 is not an appropriate vehicle for Suggs's claim, and he is not entitled to relief.

Second, even when viewing all facts in the light most favorable to Suggs, there is no dispute that a federal proceeding was going to take place, and that Suggs intended by his acts to prevent the government's key witness from testifying. Although Suggs would like the Court to believe that his statement to his lawyer that he would plead guilty was a guarantee there would be no federal proceeding, this argument ignores the fact that Suggs never signed the plea agreement, nor could he have been forced to fulfill the terms of any plea agreement.

Suggs relies on the concept of promissory estoppel to claim that his discussion with his lawyer created a quasi-contract that was fully enforceable. That claim ignores the very nature of plea bargaining, however. Although some elements of contract law are applicable to plea bargaining, not all contract principles are. See United States v. Asset, 990 F.2d 208, 216 (5th Cir. 1993),

**Suggs v. Purdue**                                                           1:14CV21

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24],
GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

abrogated on other grounds by United States v. Estate of Parsons, 367 F.3d 409 (5th Cir. 2004) (stating that a plea agreement does not provide a remedy such as specific performance). Suggs had the right to back out of the plea agreement without being forced to perform at any time before the Court accepted his guilty plea. Further, as the R&R recounts, Suggs admitted during trial that he had not intended to plead to the original indictment. [Dkt. No. 24 at 9]. Therefore, it is clear he was contemplating a particular federal proceeding when he shot the government's key witness with the goal of preventing him from testifying.

Accordingly, Suggs has failed to show that he is actually innocent; thus he is not entitled to relief pursuant to 28 U.S.C. § 2241.

**IV.**

For the reasons discussed, the Court **OVERRULES** the objection, **ADOPTS** the R&R, **GRANTS** the government's Motion for Summary Judgment, and **DISMISSES** the Petition **WITH PREJUDICE**.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 24], GRANTING MOTION FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, return receipt requested, and to enter a separate judgment order.

DATED: October 9, 2014.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE